IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEVON LEWIS, | ) | No. 15 CV 7402 |
| Plaintiff, | ) | |
| v. | ) | Judge Virginia M. Kendall |
| CARRIER ONE, INC., | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Devon Lewis filed a four-count Complaint against Defendants Carrier One, Inc., Impel Union Inc., Blaze Popovski, and Ivan Samarov for class action violations of the Illinois Wage Payment and Collection Act and Fair Labor Standards Act, as well as individual claims on behalf of Lewis for retaliatory discharge under the Illinois Workers' Compensation Act and common law conversion. Carrier One moves to dismiss the state law claims under Rule 12(b)(1) because the Court does not have supplemental jurisdiction over them. For the following reasons, the Court grants Carrier One's motion to dismiss Counts III and IV for lack of jurisdiction. (Dkt. No. 26.)

**BACKGROUND**

Lewis is an Illinois resident who was formerly a transportation service driver for Carrier One from approximately June 2013 until July 2015. (Dkt. No. 17 at ¶4.) Carrier One is a Delaware corporation headquartered in Illinois that does business, operates facilities, and is registered in the state. (*Id.* at ¶7.) Impel Union is an Illinois corporation that sells and leases

1

trucks to individuals who drive for Carrier One. (*Id.* at ¶8.) These two corporations are an integrated enterprise with operations in the same location, shared management, interrelated operations and financials, and centralized policies for Carrier One drivers who obtain their trucks through Impel Union. (*Id.* at ¶ 9.) Lewis and members of the putative class were employees who the Defendants classified as "independent contractors." (*Id.* at ¶1.)

The Defendants regularly made deductions in excess of 25% of the net amount from drivers' paychecks. (*Id.* at ¶31.) These deductions included expenses that are normally borne by an employer, such as fuel, vehicle maintenance, and repair costs. (*Id.* at ¶30.) These costs were advanced by Defendants but then "charged back" to the driver via deductions from paychecks. (*Id.*) Carrier One required Plaintiffs to own or lease a truck and related equipment in order to perform services as drivers although the trucks were registered in Carrier One's name. (*Id.* at ¶¶19, 24.) The employment contract between Lewis and Carrier One required these trucks be used for Carrier's exclusive possession, control, and use. (*Id.* at ¶24.) Carrier One regularly deducted money from Plaintiffs' paychecks for costs relating to this equipment, including for truck lease payments, insurance, and administrative costs. (*Id.* at ¶28.)

On or around June 28, 2015, Lewis suffered a back injury while working and sought medical attention. (*Id.* at ¶¶60-61.) The emergency room doctor advised him to contact his employer regarding coverage under the Illinois Workers' Compensation Act and next steps required to file a claim. (*Id.* at ¶62.) Per the doctor's instructions, Lewis called Carrier One and left a message giving notice of his injury and inquiring about requirements for submitting a worker's compensation claim but never heard back. (*Id.* at ¶¶63-64.) Lewis was unable to work after the date of his injury. (*Id.* at ¶72.)

On or around July 24, 2015, Lewis received a letter from Impel Union indicating he had defaulted on his obligation to make payments that he otherwise paid to Carrier; specifically, recurring lease payments related to the lease of his truck and a personal loan that was provided to him by Carrier One in 2014. (*Id.* at ¶73.) That day Lewis's truck was repossessed without notice or opportunity to cure. (*Id.* at ¶¶74-75.) Lewis's wife contacted Carrier One on or around July 25, 2015 and was notified that he had been terminated though he never received formal notice of termination. (*Id.* at ¶¶67-68.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes the Court to dismiss any claim for which the Court lacks subject matter jurisdiction. Article III, Section 2 of the U.S. Constitution defines the outer bounds of a federal court's subject matter jurisdiction, although generally, a court's jurisdiction in a non-criminal case arises from a federal question, a deprivation of one's civil rights, or diversity among the parties. *See* 28 U.S.C. §§ 1331, 1332, 1343; *see also Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2010). When a defendant challenges jurisdiction, the plaintiff bears the burden of establishing the Court's jurisdiction. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing [the] elements" of jurisdiction.). As with a Rule 12(b)(6) motion, when addressing a 12(b)(1) challenge the Court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir.2007) (*quoting Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir.1999)).

**DISCUSSION**

The Complaint asserts an Illinois Wage Payments and Collection Act class action (Count I), a Fair Labor Standards Act collection action (Count II), and retaliatory discharge claim under the Illinois Workers' Compensation Act brought by Lewis (Count III), and a conversion claim brought by Lewis (Count IV). Carrier One asks the Court to decline to exercise supplemental jurisdiction over Counts III and IV and dismiss both claims. Carrier One argues that the allegations in Complaint establishing jurisdiction are facially insufficient to demonstrate the existence of jurisdiction. Lewis responds that the Court has supplemental jurisdiction over Counts III and IV based on the subject matter jurisdiction the Court exercises over Count II.

Under 28 U.S.C. § 1367, "a district court has original jurisdiction over an action, the court has supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution, even if those claims involve the joinder or intervention of additional parties." *Sanchez & Daniels v. Koresko*, 503 F.3d 610, 614 (7th Cir. 2007) (quotation omitted). Claims are part of the same case or controversy if they "derive from a common nucleus of operative facts" and "[a] loose factual connection between the claims is generally sufficient." *Id.* (quotation omitted); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). The decision of whether to exercise supplemental jurisdiction is within the discretion of the Court. *See Miller v. Herman*, 600 F.3d 726, 738 (7th Cir. 2010) (The Court "may decline to exercise supplemental jurisdiction in certain situations, see § 1367(c); that decision is squarely within its discretion[.]"). The Court should also consider whether supplemental jurisdiction serves "the values of judicial economy, convenience, fairness, and comity" that underlie the doctrine of supplemental jurisdiction. *City of Chicago v. Int'l. Coll. of*

*Surgeons*, 522 U.S. 156, 173 (1997). When a party challenges whether the allegations of jurisdiction are facially sufficient to demonstrate the existence of jurisdiction, it is treated similar to a 12(b)(6) motion in that the Court takes all of Plaintiff's allegations as true and views them and all reasonable inferences drawn from there in light most favorable to the plaintiff. *See, e.g., Freiburger v. Emery Air Charter*, 795 F.Supp. 253, 256-57 (N.D. Ill. 1992). Courts have held that "the mere fact that claims arise from an employment relationship is, by itself, insufficient to warrant the exercise of supplemental jurisdiction." *See, e.g., Berg v. BCS Fin. Group*, 372 F.Supp.2d 1080, 1093 (N.D. Ill. 2005); *Farr v. Cont'l White Cap, Inc.*, No. 90 C 4521, 1992 WL 57198 at *1 (N.D. Ill. Mar. 16, 1992) (mere fact that claims arose from employment relationship was insufficient to exercise supplemental jurisdiction over a breach of contract claim when the federal claim arose under the ADEA).

## I. Count III

Carrier One asks the Court to decline to exercise supplemental jurisdiction over Count III because it is unrelated to Count II and presents a complex state law issue. Lewis argues that the Court has supplemental jurisdiction over Count III because both Counts II and III require him to show that he was an employee of Carrier One. Count III claims that Defendants committed retaliatory discharge under the IWCA when they terminated Lewis. A valid claim of retaliatory discharge under the IWCA requires the plaintiff to show proof that (1) he was the defendant's employee before his injury, (2) he exercised a right granted by the IWCA, and (3) he was discharged from his employment with a causal connection to his filing a workers' compensation claim. 820 ILCS 305/1 et seq.; *see also McCoy v. Maytag Corp.*, 495 F.3d 515, 521 (7th Cir. 2007). "The element of causation is not met if the defendant had a valid basis, which was not pretextual, for discharging the employee." *McCoy*, 495 F.3d at 521. Count II alleges that

Defendants failed to pay Lewis and other class members federal minimum wage. Section 206 of the FLSA requires every employer to pay minimum wage "to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 206(a). In order to prevail on Count II, Plaintiffs will have to prove that a valid employer-employee relationship existed between them and the Defendants. *Id.* at §§ 206-07. The Court considers the "economic reality" of the working relationship when deciding whether an employer-employee relationship existed that factors in:

> (1) the extent of control which, by the agreement, the master may exercise over the details of the work; (2) whether or not the one employed is engaged in a distinct occupation or business; (3) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (4) the skill required in the particular occupation; (5) whether the employer or the workman supplies the instrumentalities, *566 tools, and the place of work for the person doing the work; (6) the length of time for which the person is employed; (7) the method of payment, whether by the time or by the job; (8) whether or not the work is a part of the regular business of the employer; (9) whether or not the parties believe they are creating the relation of master and servant; (10) whether the principal is or is not in business

*Estate of Suskovich v. Anthem Health Plans of Va., Inc.*, 553 F.3d 559, 565-66 (7th Cir. 2009).

The facts surrounding Lewis's termination underlying Count III greatly differ from those surrounding Count II that is basis for this Court's jurisdiction. Exercising supplemental jurisdiction over Count III would entail delving into the facts surrounding Lewis's back injury, whether he exercised a protected right, and whether there is a causal connection between Lewis's filing of a workers' compensation claim and his termination. *See McCoy*, 495 F.3d at 521. These operative facts are entirely separate from the amount that Defendants paid Plaintiffs and the numerous factors relevant to determining whether an employer-employee relationship existed

between Defendants and Plaintiffs. In response to Lewis's argument that the claims derive from a common nucleus of operative facts because both deal with whether an employer-employee relationship, the existence of an employment relationship alone is not sufficient to justify granting supplemental jurisdiction. *See, e.g., Berg*, 372 F.Supp.2d at 1093 (finding ERISA and breach of contract claim did not arise from common nucleus of operative fact); *Farr*, 1992 WL 57198 at *1. If it were to be sufficient, the potential for unrelated claims to be brought together would be high given that such an employer-employee relationship is a prerequisite in many statutes. Even viewing the facts in the light most favorable to Lewis, the FLSA claim and retaliatory discharge claim do not "derive from a common nucleus of operative facts" nor is there plausibly "[a] loose factual connection between the claims[.]" *Sanchez & Daniels*, 503 F.3d at 614; *see, e.g., Hadad v. World Fuel Servs., Inc.*, No. 13 C 3802, 2013 WL 6498894 at *3 (N.D. Ill. Dec. 11, 2013) (declining to exercise supplemental over battery claim after dismissing FLSA claim because it did not arise from same core of operative facts). Furthermore, judicial economy does not require that Count III remain in this Court as no significant judicial resources have been expended on it. The Court therefore in its discretion declines to exercise supplemental jurisdiction over Count III and grants Carrier One's motion to dismiss Count III for lack of jurisdiction.[1]

## II.  Count IV

Carrier One proposes that the Court should also not exercise supplemental jurisdiction over Count IV because it is similarly unrelated to Count II. Lewis argues that the Court should

---

[1] Carrier One also cites to *De La Riva v. Houlihan Smith & Co., Inc.*, 848 F.Supp.2d 887 (N.D. Ill. 2012) for the premise that the Court should not exercise supplemental jurisdiction over Count III because it presents a complex state law issue. In that case, however, the state law claim was a complex class action issue while the federal claim was an individual claim, and the Court relinquished jurisdiction over the state law claim as a result. Here, on the other hand, the federal claim is a class action and the state law claim is an individual claim. The reasoning of *De La Riva* is thus inapposite.

assert jurisdiction over Count IV because a common nucleus of operative facts exists between it and Count II because "at the heart of this lawsuit is the nature of the relationship between the parties," and both "are predicated upon the parties' employment relationship and the nature of the deductions made from Mr. Lewis' compensation." Count IV seeks relief under Illinois common law for Defendants' conversion of Lewis's truck. Conversion is the unauthorized assumption of the right to possession or ownership of personal property. *Fortech, LLC v. R.W. Dunteman Co., Inc.* 366 Ill. App. 3d 804, 809 (2006). To prove conversion claim in Illinois, a plaintiff must show: "(1) a right to the property, (2) a right to the immediate possession of the property, which is absolute, unconditional, and not dependent on the performance of some act, (3) a deprivation of the right by the unauthorized and wrongful assumption of control, dominion, or ownership by the defendant, and (4) a demand for possession of the property." *Id.*

Drawing all reasonable inferences in his favor and viewing the allegations in the light most favorable to him, Lewis's conversion claim does not derive from the same nucleus of operative facts as the FLSA claim. As described above, the relevant facts in Count II involve whether Plaintiffs were considered an employee under the statute and if so, whether the deductions from their wages violate the minimum wage provisions. *See* 29 U.S.C. §§ 206-07. On the other hand, Count IV deals with whether Lewis had a right to immediate possession of the truck, Defendants' repossession of the truck was unauthorized under the lease, and Lewis demanded return of the truck. *See Fortech*, 366 Ill. App. 3d at 809. Whether he was an "employee" of the Defendants—an operative fact to the federal claim—is immaterial to Count IV. Admittedly, both Counts II and IV allege the common fact that Defendants deducted part of Lewis's wages as payment for truck expenses under the lease. But this sole commonality is reflective of an employment relationship between the parties, which, again, alone is insufficient

to extend supplemental jurisdiction. *See, e.g., Berg*, 372 F.Supp.2d at 1093; *Farr*, 1992 WL 57198 at *1. Lewis further contends that the conversion claim stems from Defendants' repossession of the truck and was the result of his inability to make payments that Defendants deducted from his compensation. But it is implausible that Lewis's belief that he was not paid minimum wage led him to believe that he was entitled to late payments for the lease such that the operative facts in Counts II and IV are in common.

Lewis cites to *Rothman v. Emory University*, 123 F.3d 446 (7th Cir. 1997) for the rule that "the Seventh Circuit routinely upholds the exercise supplemental jurisdiction in cases…where the state law claims stem from the same set of facts underlying the federal claim." Unlike this case, however, the Court in *Rothman* extended supplemental jurisdiction over a counterclaim for breach of contract that was dependent on the jurisdiction of a claim for a violation of the Americans with Disabilities Act. *Id.* at 454. When the plaintiff refused to pay his student loans after commencing litigation against the defendant—his law school—alleging disability discrimination, the defendant countersued to force him to make the payments. *Id*. The plaintiff believed that the defendant's ADA violation relieved him of such a responsibility so the counterclaim would not have existed without the federal claim. *Id.* In contrast, Lewis's conversion claim is not dependent on his claim that he was not paid federal minimum wage but rather could be litigated without discussion of the operative facts in Count II. The Seventh Circuit's analysis in *Rotham* thus is inapplicable to this case. Additionally, *Rothman* noted that supplemental jurisdiction was properly exercised there because "the primary issues underlying Emory's discrimination claims were already decided against Rothman, and thus it was abundantly clear how [the] state claim should be decided." *Id.* (citing to *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("If the district court, in deciding the federal

9

claim, decides an issue dispositive of a pendant claim, there is no use leaving the latter to state court."). Count II has not been resolved nor have any operative facts been concluded that would be of significance to Count IV, which provides further support for relinquishing supplemental jurisdiction over Count IV. Moreover, minimal judicial resources have been expended on Count IV that would weigh in favor of keeping it before the Court. Accordingly, the Court exercises its discretion in determining which claims it addresses under supplemental jurisdiction and dismisses Count IV for lack of jurisdiction.

## **CONCLUSION**

For the foregoing reasons, the Court grants Carrier One's motion to dismiss Counts III and IV for lack of jurisdiction. (Dkt. No. 26.)

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎_____
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎Virginia M. Kendall
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎United States District Court Judge
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎Northern District of Illinois

Date: 3/10/2016